UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MIA JEANENE GRIMES,<br><br>    Plaintiff,<br><br>v.<br><br>HUNTINGTON NATIONAL BANK, et al.,<br><br>    Defendants. | Case No. 25-cv-10718<br><br>Honorable Robert J. White |

**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE AND (2) DENYING PLAINTIFF'S MOTIONS TO STRIKE AND FOR A TEMPORARY RESTRAINING ORDER**

This case involves *Pro Se* Plaintiff Mia Jeanene Grimes's claims against Defendants Huntington National Bank (Huntington) and Zachary Wasserman, a Huntington employee, arising from the mortgage and later foreclosure of Plaintiff's property. (*See* ECF No. 1, PageID.4-6).  Before the Court is (1) Defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (failure to state a claim) (ECF No. 8); (2) Plaintiff's "objection to and motion to strike Defendants' lost note affidavit, motion to compel discovery, and request for protective order" (the motion to strike) (ECF No. 20); and (3) Plaintiff's motion for a temporary restraining order

and a preliminary injunction. The Court will decide this matter without oral argument pursuant to Local Rule 7.1(f)(2).

The Court (1) grants Defendants' motion to dismiss and (2) denies both Plaintiff's motions. Specifically, the Court concludes that Plaintiff's complaint must be dismissed under the doctrine of *res judicata*, and Plaintiff's motions are therefore moot.

## I.   Background

Plaintiff alleges that Defendants "misrepresented material terms of the mortgage agreement" and "induc[ed]" her "into a contract based on false and misleading information" regarding the rights, obligations, and essential terms of the mortgage. (ECF No. 1, PageID.5). She elaborates that the property foreclosure in this case was illegal "due to fraudulent misrepresentation, deceptive business practices, lack of full disclosure, and violations of federal and state mortgage and securities law." (ECF No. 1, PageID.6). Plaintiff also alleges that Defendants "failed to return registered securities" she sent "as part of the agreement, thereby unlawfully retaining valuable instruments."[1] (ECF No. 1, PageID.5).

---

[1] It is unclear from the complaint itself what exactly Plaintiff is alleging with respect to Defendants improperly retaining valuable instruments, but Plaintiff's later filings clarify that Defendants allegedly failed to return a registered security she submitted "to discharge the mortgage obligation." (ECF No. 22, PageID.130-31; *see also* ECF No. 20, PageID.124; ECF No. 21, PageID.128)

Plaintiff asserts claims under the Truth in Lending Act (TILA), the Real Estate Settlement and Procedures Act (RESPA), § 10b of the Securities Exchange Act (prohibiting certain conduct in connection with the sale or purchase of securities), and 18 U.S.C. § 1001 (criminalizing false statements made in matters within the jurisdiction of the federal government). (ECF No. 1, PageID.4). She requests that the Court (1) declare the "fraudulent" foreclosure null and void, (2) "stay and revers[e]" any eviction order(s) issued against her, (3) and restore her free legal title to the property. (ECF No. 1, PageID.6).

In lieu of answering Plaintiff's complaint, Defendants moved to dismiss on April 14, 2025. (ECF No. 8). Defendants first argue that dismissal is warranted under the doctrine of *res judicata* because another district judge of this Court previously dismissed on the merits Plaintiff's prior claims against the same parties arising "out of the same transaction or occurrence: plaintiff's mortgage loan and the foreclosure of the Property." (ECF No. 8, PageID.31-33). Defendants also argue that even if *res judicata* does not apply, dismissal is warranted because (1) Plaintiff's vague and conclusory allegations do not suffice to support her purported claims, and (2) Plaintiff fails to allege fraud with the requisite particularity. (ECF No. 8, PageID.33-39).

Plaintiff counters that her essential claim "is that a registered security was delivered to Defendants in good faith to discharge the mortgage obligation," and

3

"Defendants' failure to return or credit the instrument constitutes theft, conversion, and unjust enrichment." (ECF No. 22, PageID.130-31). Plaintiff argues that her complaint suffices to survive dismissal because it includes "detailed factual allegations concerning": (1) "submission of a registered bond to satisfy the mortgage debt;" (2) failure of Defendants to return, apply, or otherwise respond to the bond;" (3) "[t]he continued attempt to evict Plaintiff despite the valid tender;" and (4) "[t]he resulting deprivation of Plaintiff's property rights without due process." (ECF No. 22, PageID.130).

Plaintiff also filed two motions on May 14, 2025. (ECF Nos. 20-21). Plaintiff's first motion asks the Court to strike a "Lost Note Affidavit ('LNA') asserting entitlement to enforce a promissory note that has allegedly been lost or destroyed" from the record because Defendants fail to satisfy requirements under Michigan law to enforce such instruments.[2] (ECF No. 20, PageID.123-25). The motion also asserts:

> Plaintiff has also filed a case involving the theft or misappropriation of securities. Plaintiff affirms that a registered bond was tendered in good faith to cure the alleged account deficiency. Despite proper delivery and notice, Defendants failed to acknowledge, process, or return the instrument, effectively constituting unlawful retention and possible conversion of the security in violation of applicable state and federal securities laws.

---

[2] Given that the record of this case does not include any such affidavit, the purpose of this motion remains unclear. Defendants' only exhibits in this case are public records related Plaintiffs prior case—none of which is an affidavit or references any note due—and unpublished court cases.

4

(ECF No. 20, PageID.124).

Plaintiff requests that the Court strike the LNA and compel Defendants to produce (1) a copy of and records related to the note; (2) "[a] bond, indemnity agreement, or other adequate protection as contemplated by MCL §440.3309(2)"; and (3) "records regarding the receipt, handling, and disposition of the registered bond provided by Plaintiff." (ECF No. 20, PageID.124-25). Plaintiff also seeks a protective order "prohibiting any further enforcement or collection action by Defendants until they satisfy all statutory and evidentiary requirements and respond to the securities conversion claims." (ECF No. 20, PageID.125).

Plaintiff's second motion seeks a temporary restraining order and preliminary injunction to prohibit enforcement of and stay state eviction proceedings, stating that "the 36th District Court issued an eviction order in favor of Defendants" that is "currently pending enforcement." (ECF No. 21, PageID.127-28). Defendants have yet to respond to Plaintiff's motions.

**II.     Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

5

that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. Analysis

*Res judicata*, or claim preclusion, "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020). "If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of

whether they were asserted or determined in the prior proceeding." *Id.* (cleaned up). "Suits involve the same claim (or 'cause of action') when they 'arise from the same transaction,' or involve a 'common nucleus of operative facts.'" *Id.* (cleaned up). And "to trigger the doctrine of *res judicata* or claim preclusion, a judgment must be on the merits." *Brownback v. King*, 592 U.S. 209, 215 (2021) (cleaned up).

Accordingly, the Court must decide whether (1) the district judge dismissed Plaintiff's prior claims on the merits, (2) this action involves the same parties or their privies, (3) this action arises from the same transaction or a common nucleus of operative facts, and (4) such that Plaintiff's currents claims were or could have been litigated in the prior action. *See Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997); *Smith v. Vista Hill Partners, LLC (In re Smith)*, 510 B.R. 164, 170 (6th Cir. 2014); *HRT Enters. v. City of Detroit*, 524 F. Supp. 3d 713, 720 (E.D. Mich. 2021).

Here, Plaintiff filed an earlier complaint against Defendants Huntington and Wasserman, as well as two other defendants uninvolved in this action, in July 2024. (Docket No. 24-11913, ECF No. 1). Both actions at issue therefore involve the same parties. In Plaintiff's earlier complaint, she alleged that (1) "[m]ultiple registered securities and [a] bond to settle the loan were issued and delivered to the CFO, trustee, and bank"; (2) "notice was given via priority mail to stop sale of the home to the county clerk stating that [Plaintiff] is the secured party"; and (3) the defendants

7

failed to settle the account, rejected Plaintiff's negotiable instrument, and refused her payment. (Docket No. 24-11913, ECF No. 1, PageID.5). Plaintiff sought "settlement of the account," the return of any previous payments, and for her to reclaim full ownership of the property. (Docket No. 24-11913, ECF No. 1, PageID.6). According to Plaintiff, her claims arose under various federal securities laws and provisions of the Uniform Commercial Code. (Docket No. 24-11913, ECF No. 1, PageID.4).

The district judge presiding over Plaintiff's earlier case dismissed her claims because, in relevant part, "Plaintiff's Complaint lack[ed] sufficient factual allegations to establish a viable claim under any of" her cited legal authorities. (Docket No. 24-11913, ECF No. 6, PageID.16). "Thus, even with a liberal reading of the factual allegations in Plaintiff's complaint, this Court is unable to discern any cognizable federal claim stated against Defendants." (Docket No. 24-11913, ECF No. 6, PageID.16).

As an initial matter, the prior district judge's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) was a decision on the merits. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, . . . any dismissal not under this rule—except one[s not at issue here]—operate as an adjudication on the merits."); *Dyer v. Intera Corp.*, 870 F.2d 1063, 1066 (6th Cir. 1989) ("a dismissal

pursuant to Rule 12(b)(6) is considered a decision on the merits with full res judicata effect").

Next, the Court concludes that both actions arise from a common nucleus of operative facts and, therefore, that Plaintiff's currents claims could have been litigated in the prior action. Both Plaintiff's earlier and instant complaints seek redress for Defendants' conduct surrounding the mortgage and foreclosure of her property. Indeed, the factual allegations highlighted in Plaintiff's response to Defendants' motion here (*see* ECF No. 22, PageID.130) are essentially the same as alleged in her earlier complaint that was dismissed.

To the extent that the instant complaint includes new factual allegations specific to issuance of the mortgage, these could and should have been made in the initial action when Plaintiff first sought to recover ownership of the foreclosed property. *Contra Stanislaw v. Thetford Twp.*, No. 20-1660, 2021 U.S. App. LEXIS 21407, at *11-15 (6th Cir. Jul. 19, 2021) (unpublished) (second lawsuit not barred by *res judicata* when based on new, material facts *occurring after* resolution of the first suit). And while Plaintiff now asserts her claims under slightly different legal authorities, this cannot overcome *res judicata*'s prohibition on filing suit. *See Scozzari v. City of Clare*, No. 08-10997, 2012 U.S. Dist. LEXIS 72584, *13 (E.D. Mich. May 24, 2012) ("where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different

9

legal theory of recovery is advanced in the second suit") (cleaned up; quoting *Cemer v. Marathon Oil Co.*, 583 F.2d 830 (6th Cir. 1978)).[3]

Accordingly, Plaintiff's claims are barred by *res judicata*, and dismissal is warranted on this basis. And because Plaintiff's claims are dismissed, her motions are both denied as moot.

\* \* \*

For the reasons given, the Court ORDERS that Defendants' motion to dismiss (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion to strike (ECF No. 20) is DENIED.

---

[3] Nevertheless, to the extent that Plaintiff invokes federal securities law, an individual mortgage loan is not a "security" under federal law. *See Mercer v. Jaffe, Snider, Raitt & Heuer, P.C.*, 736 F. Supp. 764, 769-70 (6th Cir. 1990). And even liberally construing Plaintiff's allegations, it remains unclear how she could have perfected her own security interest with respect to an individual mortgage loan in default.

IT IS FURTHER ORDERED that Plaintiff's motion for a temporary restraining order and a preliminary injunction (ECF No. 21) is DENIED.

Dated: May 20, 2025                     s/Robert J. White
                                        Robert J. White
                                        United States District Judge