UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIA JEANENE GRIMES,

      Plaintiff,

v.

HUNTINGTOM NATIONAL
BANK and ZACHARY
WASSERMAN,

      Defendants.

Case No. 25-cv-10718

Honorable Robert J. White

## ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTIONS

This case involves *Pro Se* Plaintiff Mia Jeanene Grimes's claims against Defendants Huntington National Bank (Huntington) and Zachary Wasserman, a Huntington employee, arising from the mortgage and later foreclosure of Plaintiff's property. (See ECF No. 1, PageID.4-6).  On May 20, 2025, the Court dismissed Plaintiff's complaint with prejudice under the doctrine of *res judicata*, and it denied two pending motions (one discovery-related and one for a temporary restraining order and preliminary injunction) from Plaintiff as moot. (ECF No. 23).  The Court also entered a judgment regarding the dismissal. (ECF No. 24).  Plaintiff appealed. (ECF No. 25).

Before the Court are Plaintiff's post-judgment motions (1) to stay enforcement of the judgment pending appeal (ECF No. 28), (2) "to deem material facts presented in her filings as admitted" (ECF No. 30), and (3) for a temporary restraining order and preliminary injunction enjoining Defendants from evicting her while this action proceeds.  The Court denies all three motions.

Federal Rule of Appellate Procedure 8(a) provides that a party seeking to stay a judgment or order of a district court pending appeal must ordinarily move first in the district court. Fed. R. App. P. 8(a)(1)(A).  The Sixth Circuit considers the same four factors as are considered for preliminary injunctions when evaluating a stay pending appeal under this rule:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*SEIU Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012) (per curiam) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

"These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Griepentrog*, 945 F.2d at 153.  The moving party has the burden of demonstrating entitlement to a stay. *SEIU Local 1*,

698 F.3d at 343 (citing *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)).

As an initial matter, to the extent Plaintiff seeks a stay to avoid "unlawful foreclosure actions[] or eviction proceedings" (ECF No. 28, PageID.153), the Court cannot grant this relief.   Specifically, the legality of foreclosure on Plaintiff's property, as well of any pending or future eviction based on the foreclosure, are issues that must be fully adjudicated in state court. *See Hackel v. N. Hill Farms I*, No. 25-10779, 2025 U.S. Dist. LEXIS 57533, at \*3 (E.D. Mich. Mar. 27, 2025) ("Courts have routinely held that where a plaintiff is challenging an ongoing eviction proceeding, all three factors supporting abstention are present."); *Doscher v. Menifee Cir. Ct.*, 75 F. App'x 996, 997 (6th Cir. 2003) (affirming dismissal based on principles of *Younger*[1] abstention where the plaintiff challenged a state-court foreclosure action); *Hackel*, 2025 U.S. Dist. LEXIS 57533 at \*4 ("To the extent that the foreclosure proceedings have concluded, Plaintiff's complaint essentially seeks review of a state court judgment of eviction.   This court, however, lacks subject matter jurisdiction to grant Plaintiff's requested relief pursuant to the *Rooker-*

---

[1] "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013).

*Feldman*[2] doctrine."); *Revere v. Bank of New York*, No. 09-11851, 2009 U.S. Dist. LEXIS 77793, at *7-9 (E.D. Mich. Aug. 31, 2009) (where the plaintiffs' claims were essentially an appeal of the state court decision regarding eviction and foreclosure, the claims were "inextricably intertwined" with issues decided in state court and action barred by *Rooker-Feldman*); *Angela v. Goodall*, No. 22-543, 2023 U.S. Dist. LEXIS 87252, at *10 (W.D. Ky. May 18, 2023) ("The matters presented in the complaint are clearly the subject of a state housing matter, which is a state interest.").

That said, the Court concludes that Plaintiff has not shown a likelihood of success on appeal. Indeed, Plaintiff's only cited cases regarding *res judicata* are not factually on point and, in any event, both *applied* the doctrine to dismiss certain claims. *See Federated Dep't Stores v. Moitie*, 452 U.S. 394, 402 (1981) (deciding that "*Brown I* is res judicata as to respondents' federal-law claims"); *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1175 (10th Cir. 2000) ("In short, this case represents precisely the sort of repetitive litigation that the doctrine of res judicata aims to prevent. Whatever the reasons, the record is clear that Plotner chose not to bring her pollution-related arguments in the initial *Plotner I* bankruptcy and district court proceedings, despite her prior knowledge of the underlying facts. Res judicata applies, and there

---

2 "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).

is simply no exceptional reason to relieve her of the consequences of her prior litigation decisions.").

The Court reiterates, as stated in its prior order, that (1) the district judge dismissed Plaintiff's prior claims on the merits, (2) this action involves the same parties or their privies, (3) this action arises from the same transaction or a common nucleus of operative facts such that Plaintiff's currents claims were or could have been litigated in the prior action.  Plaintiff has failed to show otherwise, nor has she identified any specific error in the Court's decision.

Next, even assuming *res judicata* does not apply, Plaintiff's claims are without merit.  Critically, Plaintiff relies in part on the U.C.C. and asserts, as the essential crux of her claims, that she submitted a registered bond and/or security to discharge her mortgage obligation.  But courts have routinely rejected claims that a debt was discharged by similar unilateral action. *See, e.g., Smith v. Nationstar Mortg., LLC*, No. 09-14572, 2010 U.S. Dist. LEXIS 117201, at *4 (E.D. Mich. Nov. 3, 2010) (under similar circumstances to those here, "the Court [wa]s unable to discern how the financing statement support[ed] a cause of action"); *Reid v. RRA CP Opportunity Trust 1*, No. 24-1752, 2025 U.S. Dist. LEXIS 94285, at *13 (C.D. Cal. May 15, 2025) (rejecting the plaintiff's argument that "letters" he sent to the defendant were "legal instruments that have the effect of discharging his debt"); *Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753, 755-60 (W.D. Va. 2007), aff'd 282 F.

App'x 260 (4th Cir. 2008) (rejecting argument that the plaintiff's "Bill of Exchange"

suffced as tender to discharge her mortgage obligation).

Accordingly, the Court rejects Plaintiff's claim of irreparable injury via the

loss of her "rights as a secured creditor." (ECF No. 28, PageID.27).  And to extent

Plaintiff relies on "the imminent loss of her home" as establishing irreparable injury

(ECF No. 28, PageID.27-28), Plaintiff has failed to show that any injury could not

be compensated with monetary damages. *See United States v. Risser*, No. 15-3559,

2016 U.S. App. LEXIS 856, at *2 (6th Cir. Jan. 12, 2016) ("The loss of property *may*

be irreparable *if* it is not fully compensable by monetary damages.") (cleaned up;

emphasis added); *SEIU Local 1*, 698 F.3d at 343 (movant has burden of showing

entitlement to stay).

The Court therefore concludes that Plaintiff has established neither a

likelihood of success on appeal nor irreparable injury, and her motion to stay is

denied. *See Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir.

2002) ("[I]n order to justify a stay of the district court's ruling, the [party] must

demonstrate at least serious questions going to the merits and irreparable harm that

decidedly outweighs the harm that will be inflicted on others if a stay is granted.").

Moving on, the Court is somewhat puzzled concerning what additional relief

Plaintiff seeks with the remaining two motions.  Specifically, Plaintiff's motion "to

deem material facts presented in her filings as admitted" is seemingly an attempt to

relitigate the substance of her claims with additional factual support, and her motion

for a temporary restraining order and preliminary injunction is merely an abridged

version of the same motion the Court already denied.  To the extent these motions

can be construed as a request for the Court to reconsider its earlier decision(s), such

relief is denied.

The local rules of this district no longer allow a party to file a motion for

reconsideration of final orders or judgments. E.D. Mich. LR 7.1(h)(1).  Instead,

"[p]arties seeking reconsideration of final orders or judgments must file a motion

under Federal Rule of Civil Procedure 59(e) or 60(b). *Id.*

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted

only if there is a clear error of law, newly discovered evidence, an intervening change

in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l

Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  While Rule 59(e) permits a court

to alter or amend a judgment, it "'may not be used to relitigate old matters, or to

raise arguments or present evidence that could have been raised prior to the entry of

judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citation

omitted).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or

proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The residual clause in Rule 60(b)(6) affords relief "only in exceptional circumstances" not otherwise addressed by the rule's first five clauses. *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015).  Rule 60(b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Id.*  Like Rule 59(e), Rule 60(b) does not provide a vehicle to rehash arguments previously made and rejected. *Long v. Morgan*, 56 F. App'x 257, 258 (6th Cir. 2003).  The party seeking relief under Rule 59(e) or Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Here, Plaintiff fails to demonstrate any of the requirements for relief under Fed. R. Civ. P. 59(e) or 60(b).  Accordingly, and particularly where both motions apparently seek to rehash arguments already made, Plaintiff's post-judgment

motions (1) to deem facts admitted and (2) for a temporary restraining order and preliminary injunction are denied.

For these reasons, IT IS HEREBY ORDERED that Plaintiff's motion for a stay pending appeal (ECF No. 28) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to deem facts admitted (ECF No. 30) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's renewed motion for a temporary restraining order and preliminary injunction (ECF No. 33) is DENIED.

Dated: July 22, 2025                    s/Robert J. White
                                        Robert J. White
                                        United States District Judge

9